Jacob W. Sparks (ABN 027905)
**SCHEEF & STONE, L.L.P.**
500 North Akard Street
Ross Tower - Suite 2700
Dallas, Texas 75201
Direct: 214.706.4249
Fax:    214.706.4242
Email: jacob.sparks@solidcounsel.com

*Attorneys for David A. Birdsell, Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 7 |
| DOMINIQUE ROARY, | Bankruptcy Case No. 2:12-bk-04754-GBN |
| Debtor. | Adversary Case No. 2:15-ap-00806-GBN |
| DAVID A. BIRDSELL, Chapter 7 Trustee, | **CHAPTER 7 TRUSTEE'S ORIGINAL COMPLAINT** |
| Plaintiff. | |
| vs. | |
| DOMINIQUE ROARY, | |
| Defendant. | |

**NOW COMES** David A. Birdsell ("Plaintiff"), the duly appointed Chapter 7 trustee in Bankruptcy Case No. 2:12-bk-04754-GBN (the "Underlying Case") pending under Chapter[1] 7 and alleges for Plaintiff's Complaint against the debtor in the Underlying Case, Dominique Roary ("Debtor"), as follows:

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

**I.  Jurisdiction, Venue and Timeliness**

1. The Underlying Case was commenced by the *Voluntary Petition*[2] filed by Debtor under Chapter 7 on March 12, 2012, in the United States Bankruptcy Court for the District of Arizona.

2. This Adversary Proceeding is brought in connection with the Underlying Case.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. This Complaint is timely pursuant to 11 U.S.C. §§ 727(a)(6), (d)(3), and (e)(2).

**II.  Facts**

7. Plaintiff is the duly appointed Chapter 7 trustee in the Underlying Case.

8. On July 24, 2013, Trustee filed his *Chapter 7 Trustee's Motion to Approve Second Settlement Agreement with Debtor*[3] (the "Motion"), and on August 21, 2013, the Court entered its *Order Approving Chapter 7 Trustee's Second Settlement Agreement with Debtor*[4] (the "Order").

9. According to the Order,

> A. The Motion is approved in its entirety;
> B. The *Settlement Agreement* attached to the Motion as Exhibit A is approved in its entirety;
> C. Debtor shall repay $5,500.00 to the estate at 8% interest (the "Settlement Amount");
> D. Debtor shall make $200.00 payments on the 15th day of each month beginning February 15, 2015, until the Settlement Amount is paid in full;
> E. Debtor shall turn over her entire 2014 Federal and State tax refunds to Trustee on or before February 28, 2015, and Debtor's refunds will be applied against the Settlement Amount;

---

[2] Doc. No. 1 in the Underlying Case.
[3] Doc. No. 53 in the Underlying Case.
[4] Doc. No. 57 in the Underlying Case.

10. According to paragraph two of the Settlement Agreement,

> Debtor shall pay $5,500.00 (the "Settlement Amount") at 8% interest to Trustee for the benefit of the bankruptcy estate as follows:
> a. Debtor shall remit $200.00 (the "Monthly Payment") to Trustee on the 15th day of each month beginning February 15, 2015, until the Settlement Amount is paid in full;
> b. Debtor shall make the Monthly Payment in accordance with the payment instructions on Trustee's website: http://azbktrustee.com/; and
> c. Debtor shall turn over her entire 2014 Federal and State tax refunds to Trustee on or before February 28, 2015, and Debtor's refunds will be applied against the Settlement Amount. The remainder of Debtor's tax refund shall be returned to Debtor.

11. According to paragraph 3 of the *Settlement Agreement*,

> Debtor agrees that if she falls behind by more than one Monthly Payment, Trustee may file a certificate of non-payment with the Court and serve it upon Debtor, thereby allowing Debtor five days to cure the entire default. If Debtor does not cure the entire default in the allowed five days, Trustee may file a certificate of non-cure and be entitled to file a motion to, after notice and a hearing, (1) obtain a non-dischargeable judgment against Debtor for the unpaid Settlement Amount balance and (2) revoke Debtor's discharge.

12. According to paragraph 4 of the *Settlement Agreement*,

> Debtor agrees that if the Settlement Amount is not paid in full by June 30, 2015, Trustee shall be entitled to file a motion to, after notice and hearing, (1) obtain a non-dischargeable judgment against Debtor for the unpaid Settlement Amount t and (2) revoke Debtor's discharge.

13. According to paragraph eleven of the *Settlement Agreement*,

> The Parties shall bear their own costs and attorneys' fees with respect to all matters covered by this Agreement and the claims relating thereto. To the extent any party is required to seek to compel compliance with the terms and obligations of this Agreement, the prevailing party shall be entitled to its attorneys' fees and costs relating thereto.

14. Debtor made three payments after entry of the Order: $200.00 on 3/11/2015; $200.00 on 3/23/2015; and $2,000.00 on 4/20/2015. As of the date of this Complaint, Debtor has not made a payment in over five months and owes $3,285.23 with interest continuing to accrue at eight percent per annum.

15. On July 2, 2015, as a result of Debtor's breach of the *Settlement Agreement*, Plaintiff filed his *Certificate of Non-payment*.[5]

**III.   Law**

16. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

17. According to Section 727(d)(3), "On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if the debtor committed an act specified in subsection (a)(6) of this section…"

18. According to Section 727(a)(6)(A), "The court shall grant the debtor a discharge, unless the debtor has refused, in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify…"

19. According to Section 727(e)(2), "The trustee, a creditor, or the United States trustee may request a revocation of a discharge under subsection (d)(2) or (d)(3) of this section before the later of (A) one year after the granting of such discharge; and (B) the date the case is closed."

**IV.   Cause of Action – Revocation of Discharge  (11 U.S.C. § 727(d)(3))**

20. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

21. Debtor has refused to obey the lawful Order of the Court by: (1) failing to pay the Settlement Amount; (2) failing to make $200.00 payments on the 15th day of each month beginning February 15, 2015, until the Settlement Amount was paid in full; and (3) failing to turn over Debtor's entire 2014 Federal and State tax refunds to Trustee on or before February 28, 2015.

---

[5] Doc. No. 58 in the Underlying Case.

22. Because Debtor has refused to obey the Order, Debtor's discharge should be revoked pursuant to Section 727(d)(3).

23. In addition, Debtor has breached the *Settlement Agreement*, so Trustee is entitled to his attorneys' fees resulting from Debtor's breach.

**WHEREFORE,** Plaintiff prays that this Court find in favor of Plaintiff as follows:

A. For entry of a judgment revoking Debtor's discharge;

B. For the entry of a judgment against Debtor in the amount of the unpaid Settlement Amount balance;

C. For post-judgment and per diem interest at eight percent;

D. For Plaintiff's actual attorney's fees, or in the case of default, attorney's fees in the amount of $1,000.00 for the preparation and filing of this Complaint and all default pleadings;

E. For Plaintiff's actual costs, or in the event of default, costs in the amount of $350.00 for the filing fee to file this Complaint; and

F. For any relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 7th day of October, 2015.

        **SCHEEF & STONE, L.L.P.**

        */s/ Jacob W. Sparks*
        JACOB W. SPARKS, ESQ.
        500 North Akard Street
        Ross Tower - Suite 2700
        Dallas, Texas 75201
        Direct: 214.706.4249
        Fax:   214.706.4242
        Email: jacob.sparks@solidcounsel.com

        *Attorneys for David A. Birdsell, Chapter 7 Trustee*